IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BARNELL E. ELLIS,**

    Petitioner,

    v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    Respondent.

**CASE NO. 2:13-CV-682**
**JUDGE GEORGE C. SMITH**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On March 20, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  This matter is before the Court on Petitioner's *Objection* to that recommendation.  For the reasons that follow, Petitioner's *Objection,* Doc. No. 13, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action hereby is **DISMISSED**.

In this habeas corpus petition, Petitioner asserts that he was denied a fair trial and his right to present a defense due to confusing and misleading jury instructions on the law of self-defense and the prosecutor's misleading statements on the issue.  The Magistrate Judge recommended that this sole claim for relief be dismissed on the grounds of procedural default.  Petitioner objects to that recommendation.

The Magistrate Judge concluded that Petitioner waived his sole claim for relief by failing to object at trial.  The state appellate court therefore reviewed the claim for plain error only, which plainly constitutes a procedural default of the underlying claim.  *See, e.g., Gulertekin v. Tinnelman-Cooper,* 340 F.3d 415, 423 (6th Cir. 2003).  Petitioner failed to establish cause and

prejudice for the procedural default. He could not raise, as cause for this procedural default, a claim of ineffective assistance of trial counsel, because he never presented that claim to the Ohio courts. The Magistrate Judge therefore correctly concluded that Petitioner failed to establish cause for his procedural default of his claim regarding improper jury instructions. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000)(ineffective assistance of counsel may only constitute cause for a procedural default where it has been presented to the state courts and is not, itself, procedurally defaulted.)

Petitioner, however, asserts that he has established cause for his failure to present a claim of ineffective assistance of trial counsel to the state courts. That claim is the ineffective assistance of appellate counsel. Petitioner likewise never presented this latter claim to the state courts. He contends, as cause for his failure to do so, that he could not present a claim of ineffective appellate counsel to the state courts, because he was represented by the same attorney throughout his appeal process, until January 23, 2013, when the Ohio Supreme Court dismissed his appeal, and after the ninety day time period to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) had already expired. Petitioner contends this is so because Ohio prohibits "hybrid representation" and would not permit him to pursue Rule 26(B) proceedings while he remained represented by counsel. Petitioner acknowledges that he could still pursue a delayed Rule 26(B) application. He argues, however, that any such an attempt would be futile, as the state appellate court most certainly would deny such action. *See Objection.* Petitioner additionally contends that he is actually innocent of the charges against him, so as to justify a merits review of his otherwise procedurally defaulted claim. *Id.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's arguments fail to persuade this Court. Accepting all of Petitioner's allegations as true, his claim

of ineffective assistance of appellate counsel remains unexhausted.  Petitioner cannot establish cause for his failure, to date, to file a delayed Rule 26(B) application in the state appellate court, although such remedy remains available to him.  That the state appellate court may deny a petitioner's request does not constitute cause for failing to pursue a remedy that remains available to him.  Although Petitioner may only have a slim chance of success, " 'an improbable argument is not automatically futile' " and a petitioner in this situation " 'must at least give Ohio's courts a chance to decide'" before declaring that any attempt to file an untimely (Rule 26(B) application) would be an exercise in futility.  *See Lee v. Warden, Noble Correctional Institution,* No. 2013 WL 4479200, at 9-10 (S.D. Ohio Aug. 19, 2013)(citing *Ortiz v. Wolfe*, 466 Fed. Appx. 465 (6th Cir. March 1, 2012).  Whether or not the state appellate court would have entertained a delayed Rule 26(B) application, Petitioner had an obligation to seek review of his claims in order to satisfy § 2254's exhaustion requirement. To allow him, or any petitioner, to avoid that requirement by claiming that such review was unlikely to happen would be to undercut the very purpose of the exhaustion requirement, which is to give the state courts a full and fair opportunity to correct their own errors before a federal court considers whether a state conviction should be overturned. As the Supreme Court said in *Rhines v. Weber*, 544 U.S. 269, 273 (2005), "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Consequently, petitioner has not shown good cause for the procedural default of his claim of ineffective assistance of trial counsel, or his underlying claim regarding the jury instructions in this case.

Petitioner likewise does not prevail on his claim that he is actually innocent of the charges against him.  Petitioner refers to no new reliable evidence that was not presented at trial that establishes he is factually innocent of the charges against him such that this is an

extraordinary case warranting review of the claim he has waived.  *See Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005)(citations omitted).

Petitioner's *Objection,* Doc. No. 13, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action hereby is **DISMISSED**.

**IT IS SO ORDERED.**

                                            *\s\ George C. Smith*
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**